IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sunday Quincy Usoh,<br><br>                              Petitioner,<br><br>v.<br><br>U.S.C.I.S., et. al.,<br><br>                              Respondents. | C/A No. 2:22-cv-1470-SAL<br><br>**ORDER** |

Sunday Quincy Usoh ("Petitioner"), a federal prisoner proceeding *pro se* and *in forma pauperis*, filed this action challenging Respondent the United States Citizenship and Immigration Services' ("USCIS") denial of his application for naturalization ("Form N-400"). On February 2, 2023, Respondents moved to dismiss, ECF No. 40, and that motion has been fully briefed, ECF Nos. 49, 50. This matter is before the court for review of the March 30, 2023 Report and Recommendation of Magistrate Judge Mary Gordon Baker ("Report"), ECF No. 51, recommending that Respondents' motion be granted and this matter be dismissed in its entirety.

## BACKGROUND

As outlined in the Report, Petitioner filed this action challenging the denial of his Form N-400 pursuant to 8 U.S.C. §§ 1421(c), 1447(b); the Due Process Clause; the Administrative Procedure Act ("APA"); and the Federal Tort Claims Act ("FTCA"). *See* ECF No. 51 at 1–4. The Report sets forth a detailed summary of this case, and the court fully incorporates that summary. The following abbreviated facts are relevant to the disposition of this case:

> [O]n October 22, 2014, "after passing a background check by the FBI," Petitioner completed an interview at the USCIS El Paso Field Office and was "deemed eligible for naturalization pending final approval within 120 days." (Dkt. No. 12 at 2; Dkt. No. 1-2.) . . . After waiting over 120 days without a final decision, Petitioner visited the "immigration office" in Irving, Texas "to inquire about [his] citizenship

1

> status." (Dkt. No. 1-2.) According to Petitioner, the "female immigration officer . . . said there was nothing wrong with [his] citizenship, [and there was] no excuse for their delay." (*Id.*)
>
> In late 2015, Petitioner was arrested for conspiracy to defraud the government with respect to claims in violation of 18 U.S.C. § 286. He pleaded guilty on June 29, 2017, and was sentenced to ninety-six months' imprisonment on July 2, 2017. Several days later, USCIS apparently denied Petitioner's Form N-400 based on his criminal conviction. (Dkt. No. 12 at 1.) Petitioner claims that he did not receive notice of this decision until May 28, 2019, in response to a Freedom of Information Act ("FOIA") request. (*Id.*)
>
> . . . [Petitioner] brings this Amended Petition pursuant to 8 U.S.C. §§ 1421(c), 1447(b), asking that this Court "provide relief by any means, as [he] is entitled to an award of citizenship." (*Id.*) In support, Petitioner argues that "[t]he only issue that prevent [his] naturalization was the USCIS's failure to timely conduct the public oath." (*Id.*) *See* 8 C.F.R. § 335.5 (stating that "[a]n alien who has not taken the oath in a public ceremony remains a non-citizen"). Despite having completed all other requirements for naturalization, Petitioner contends that USCIS "failed to administer the public oath, then three years later denied [his] N-400 application based on arrest that transpired well after [he] should have been naturalized." (*Id.* at 2–3.) In other words, "[a]bsent the USCIS's delay, [Petitioner] would have taken the oath and become a naturalized citizen well before his 2015 arrest and would now remain a naturalized citizen." (*Id.* at 3.) Petitioner claims that USCIS's failure to adjudicate his naturalization application within a reasonable time violated the Administrative Procedure Act and deprived him of his due process rights. (*Id.* at 3–4.)

[ECF No. 51 at 1–3 (footnotes omitted).]

The magistrate judge recommends that this action be dismissed in its entirety. *Id.* at 18. "More specifically, the [magistrate judge] recommends the Court lacks subject matter jurisdiction to consider Petitioner's claims pursuant to 8 U.S.C. §§ 1421(c), 1447(b); the APA; and the FTCA[, and further] recommends that this Court decline to extend *Bivens* to Petitioner's claims of due process violations." *Id.* Attached to the Report was a notice advising Petitioner that he had the right to file objections to the Report and that he had fourteen days to do so. *Id.* at 20. Petitioner filed objections on May 15, 2023. [ECF No. 58.] Respondents replied to the objections on May 22, 2023. [ECF No. 59.] This matter is ripe for review.

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only conduct a de novo review of the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without specific objections to portions of the Report, this court need not provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

Although Petitioner offers various challenges to denial of his N-400 and the USCIS's delay in reaching that decision, the magistrate judge has recommended dismissal because the court lacks subject matter jurisdiction for each of Petitioner's claims or, in the case of Petitioner's due process claims, because the court should not extend *Bivens*. As explained by the Fourth Circuit,

> [S]ubject-matter jurisdiction is a necessary prerequisite to any merits decision by a federal court: "The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the court from acting at certain times, and even restraining them from acting permanently regarding certain subjects."

*Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005). In this case, the magistrate judge has found one or more of the statutory or constitutional elements of jurisdiction missing for each of Petitioner's claims. While Petitioner objects to the magistrate judge's conclusions and recommendations, he focuses largely on the merits of his claims, rather than the threshold issue of subject matter jurisdiction. The court considers the magistrate judge's recommendations and Petitioner's objections in greater detail below.

<u>8 U.S.C. § 1447(b)</u>

Under 8 U.S.C. § 1447(b), a naturalization applicant can petition for a hearing in the district court if the USCIS has failed to make a determination on the application and more than 120 days

have elapsed. *Etape v. Chertoff*, 497 F.3d 379, 381 (4th Cir. 2007). The court "may either determine the matter or remand the matter, with appropriate instructions . . . ." 8 U.S.C. § 1447(b). As noted by the magistrate judge, the USCIS *has* resolved Petitioner's N-400 application. Thus, 8 U.S.C. § 1447(b) does not apply, and the magistrate judge recommends the claim be dismissed as moot. In his objections, Petitioner focuses on the merits of his claim. *See* ECF No. 58 at 2–3. He objects because the court did not "look[] into the facts that USCIS (Defendants) was the cause of their own delay[,]" because there was "extreme" delay in Petitioner's case, and because Respondents have not "concede[d] that any administrative error was responsible for its delay and failure to complete Petitioners application for naturalization and failure to schedule him (Usoh) for a ceremony to take the oath." *Id.* The court overrules Petitioner's objections because they have no bearing on whether there is relief available under 8 U.S.C. § 1447(b). The court fully adopts the magistrate judge's reasoning and recommendation as to Petitioner's § 1447(b) claim and dismisses it.

<u>8 U.S.C. § 1421(c)</u>

When a naturalization applicant's application has been denied, the applicant may seek review of the denial by a district court. 8 U.S.C. § 1421(c). However, the applicant must first have a hearing before an immigration officer under § 1447. *Id.* The Report explains that Petitioner failed to allege he either applied for or received such a hearing. [ECF No. 51 at 8–9.] As a result, he has failed to demonstrate that he properly exhausted his administrative remedies, and his § 1421(c) claim should be dismissed for lack of subject matter jurisdiction. *Id.* The court agrees. In his objections, Petitioner argues he made many calls and wrote letters to USCIS's office, and he offers a letter he wrote in March 2015. [ECF No. 58 at 4; ECF No. 58-1.] He also notes he did not receive notice of the decision or the denial because he had not provided the USCIS with his

address. [ECF No. 58 at 4.] If Petitioner is objecting based on futility, the magistrate judge already fully considered that argument, noting "because Congress has mandated that a naturalization applicant must exhaust his administrative remedies before seeking judicial review, it is not appropriate for a court to 'read futility or other exceptions' into § 1421(c)." *Abuirshaid v. Johnson*, 155 F. Supp. 3d 611, 616 (E.D. Va. 2015) (citing *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)). Petitioner further encourages the court to ignore the exhaustion requirement based on USCIS's negligence and failure to follow its own policies. [ECF No. 58 at 5.] However, there is no authority to do so. For these reasons, the court overrules Petitioner's objections, adopts the magistrate judge's reasoning and recommendation, and dismisses Petitioner's § 1421(c) claim for lack of subject matter jurisdiction.

APA Claim

As explained in the Report, "the APA permits judicial review of agency action 'unlawfully withheld or unreasonably delayed.'" [ECF No. 51 at 9 (citing 5 U.S.C. § 706(1)).] To the extent that Petitioner is challenging the failure to administer the oath of allegiance before Petitioner's disqualifying crime, that is not a final administrative action, and the court has no jurisdiction to consider such a claim. *See* ECF No. 51 at 10. To the extent that Petitioner is challenging the denial of Petitioner's application or the delay in adjudicating the application, the Report aptly explains why the court is without jurisdiction—the general grant of jurisdiction under the APA is trumped by the specific grant of jurisdiction over such claims in §§ 1421(c) and 1447(b). Petitioner's objections fail to confront this threshold jurisdictional issue. [ECF No. 58 at 5–7.] Instead, he objects to the USCIS's "unreasonable denial and delay" and to the court's failure to review the notes taken by the USCIS officials. *Id.* at 6. He urges the court to consider the merits of his claims and asks for declaratory relief, oral argument, and an evidentiary hearing. *Id.* at 6–

6

7. The court overrules Petitioner's objections as they are not responsive to the issue of whether this court has subject matter jurisdiction over his APA claim. For the reasons set forth in the Report, the court finds it does not. The court adopts the magistrate judge's recommendation and dismisses the APA claim for lack of subject matter jurisdiction.

FTCA Claim

Although Petitioner has articulated an FTCA claim in his amended petition, he did not provide USCIS with the required notice of his complaint pursuant to the FTCA. For that reason, the magistrate judge recommends the claim be dismissed. [ECF No. 51 at 13.] And the magistrate judge further notes it is unclear what damages would be given since Petitioner only asks for equitable relief in the form of a grant of citizenship. *Id.* Petitioner does not address these findings and recommendations. He focuses on his allegations of extreme delay by the USCIS and the agency's failure to follow its rules. [ECF No. 58 at 8–9.] These objections are overruled as they do not identify any error in the factual findings or reasoning in the Report. Petitioner has failed to address the fact that he did not provide a sum certain and adequately present his claim to USCIS. The court adopts the magistrate judge's recommendation and dismisses Petitioner's FTCA claim.

*Bivens* Claim

The magistrate judge has construed Petitioner's claim that the individual Respondents deprived Petitioner of his due process through their alleged actions in preventing his citizenship as a *Bivens*[1] claim. As explained in the Report, there are limited situations in which the Supreme Court has recognized implied causes of action against federal actors. [ECF No. 51 at 13–15.] None of which apply here. Additionally, the magistrate judge concludes that "[h]ere, the *Bivens* remedy should not be extended because, through the Immigration and Nationality Act ("INA"),

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Congress has established two remedies for individuals seeking judicial review of their naturalization applications." *Id.* at 16 (citing 8 U.S.C. §§ 1421(c), 1447(b)). The court agrees with and adopts the reasoning of the magistrate judge. In his objections, Petitioner points to the USCIS's failure to follow its policies and the delay in adjudicating his application. [ECF No. 58 at 10–12.] He questions what the reason could be for the lengthy delay. *Id.* at 12. But he fails to address whether *Bivens* should be extended to his case, nor does he provide any authority to persuade the court to do so. His objections are overruled. Petitioner's due process claim is dismissed.

Remaining Issues

To the extent Petitioner asserts a claim under the *Accardi* doctrine, which provides that an agency's actions are generally invalid when it fails to follow its own procedures or regulations, the magistrate judge found that argument was not properly raised and was also moot. [ECF No. 51 at 17.] Petitioner argues the "*Accardi* doctrine stands." [ECF No. 58 at 12 (italics added).] However, he does not explain or provide any authority for his statement. *Id.*

Petitioner also states he "never pleaded guilty in June 29, 2017, and neither was he sentenced in July 2, 2017." *Id.* at 1. As explained by the magistrate judge,

> As for Petitioner's claims concerning the validity of his conviction, such arguments would be more appropriately considered in a petition for habeas relief. Further, it appears these arguments are barred by the doctrine of collateral estoppel, given that the Fifth Circuit has already determined Petitioner knowingly and voluntarily signed his plea agreement.

[ECF No. 51 at 18 (citing Case No. 5:15-cr-00664-2, Dkt. Nos. 165; 166 (S.D. Tex. April 5, 2018)).] The court agrees. Plaintiff's allegations about his conviction and sentence are unsupported and cannot be considered here.

Finally, there are multiple times throughout Petitioner's objections where he only objects generally to the magistrate judge's conclusions. *See, e.g.*, ECF No. 58 at 8. Those objections do not set forth with sufficient specificity what errors, if any, he identifies in the Report. *Cf. Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) ("'Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review.'" (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, the court need not consider those general objections.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court **ADOPTS** the Report. For the reasons discussed above and in the Report, Respondents' motion to dismiss, ECF No. 40, is GRANTED, and this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

July 20, 2023  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge